UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| ELIZABETH HOFFMAN, Individually and on Behalf of All Others Similarly Situated,<br><br>        Plaintiffs,<br>  vs.<br><br>LIFE LINE BILLING SYSTEMS, LLC, d/b/a LIFEQUEST SERVICES,<br><br>        Defendant. | Case No.: 15-cv-645<br><br>**CLASS ACTION COMPLAINT**<br><br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA").

## JURISDICTION AND VENUE

2. The court has jurisdiction to grant the relief sought by the Plaintiff pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331 and 1337. Venue in this District is proper in that Defendant directed its collection efforts into the District.

## PARTIES

3. Plaintiff Elizabeth Hoffman is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

4. Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from her debts allegedly incurred for personal, family or household purposes.

5. Defendant Life Line Billing Systems, LLC ("Life Line") is a Delaware limited liability company with its principal place of business located at N2930 State Road 22, Wautoma, WI 54982.

6. Life Line does business under the name "LifeQuest Services" ("LifeQuest").

7. Life Line is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes. Life Line is a "debt collector" as defined in 15 U.S.C. § 1692a.

## FACTS

8. On or about October 30, 2014, Life Line (under the name LifeQuest) mailed a debt collection letter to Plaintiff regarding an alleged debt owed to "CITY-CUDAHY FIRE DEPARTMENT." Upon information and belief, this was the first letter Life Line sent Plaintiff regarding the alleged debt to which the letter refers. A copy of this letter is attached as Exhibit A.

9. Upon information and belief, the alleged debt referenced in Exhibit A was allegedly incurred for personal medical services and ambulance transportation.

10. Upon information and belief, Exhibit A is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

11. Exhibit A is the first letter that Plaintiff received from Life Line regarding the alleged debt referenced in Exhibit A.

12. In Exhibit A, Life Line identifies itself as a debt collector:

> This communication from a debt collector is an attempt to collect a debt and any information obtained will be used for that purpose.
>
> Your past due balance with CITY-CUDAHY FIRE DEPARTMENT for the amount indicated above has been turned over to our office for collection. Please contact our office at 1 877-663-3729, ext. 500 to make payment arrangements.

13. Exhibit A also contains the following text:

> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice, that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

2

14. Exhibit A does not include the 15 U.S.C. § 1692g(a)(5) notice, which requires:

> **(5)** a statement that, upon the consumer's *written* request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a)(5) (emphasis added).

15. <u>Exhibit A</u> fails to inform the unsophisticated consumer that, in order to invoke his or her right to require the debt collector to cease most collection activities until it provides the name of the original creditor, the consumer must make the request in writing. 15 U.S.C. § 1692g(a)(5).

16. By omitting the words "in writing," Life Line did not effectively convey to the consumer his rights under the FDCPA. *See McCabe v. Crawford & Co.*, 272 F. Supp. 2d 736, 743 (N.D. Ill. 2003); *see also Desantis v. Computer Credit, Inc.*, 269 F.3d 159, 161 (2d Cir. 2001) (a "debt collector violates the Act if it fails to convey the information required by the Act.").

17. Failure to provide the correct notice pursuant to 15 U.S.C. § 1692g(a)(5) is a material violation of the FDCPA.

18. The notice informs the consumer of his or her right to demand that the debt collector provide the name of the original creditor, during which process many debt collection activities must stop. 15 U.S.C. § 1692g(b).

19. Further, as debts are generally freely assignable, and creditors frequently change names and addresses, the § 1692g(a)(5) provides the consumer with a method of determining whether, and to whom, he or she actually owes a particular debt.

20. Failing to inform the consumer that he or she must request the name and address of the original creditor *in writing* encourages the recipient to fail to exercise his or her rights.

## COUNT I – FDCPA

21. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

22. Life Line failed to include the required notice pursuant to 15 U.S.C. § 1692g(a)(5) on Exhibit A.

23. Life Line has thus failed to comply with the debt validation notice requirements pursuant to 15 U.S.C. § 1692g(a).

24. Exhibit A fails to inform the consumer that, in order to invoke his or her right to obtain the name and address of the original creditor, the consumer must make the request in writing. 15 U.S.C. § 1692g(a)(5).

25. Failure to provide the 15 U.S.C. § 1692g(a)(5) notice is also a false representation or deceptive means to collect a debt, in violation of 15 U.S.C. § 1692e(10).

26. The Defendant has violated 15 U.S.C. §§ 1692g(a), 1692g(a)(5) and 1692e(10).

## CLASS ALLEGATIONS

27. Plaintiff brings this action on behalf of a Class, consisting of (a) all natural persons in the State of Wisconsin (b) who were sent a collection letter in the form represented by Exhibit A, (c) seeking to collect a debt for personal, family or household purposes, (d) on or after May 28, 2014, (e) that was not returned by the postal service.

28. The Class is so numerous that joinder is impracticable. On information and belief, there are more than 50 members of the Class.

29. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether Exhibit A violates the FDCPA.

4

30. Plaintiff's claims are typical of the claims of the Class members. All are based on the same factual and legal theories.

31. Plaintiff will fairly and adequately represent the interests of the Class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

32. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

33. Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendant for:

(a) actual damages;

(b) statutory damages;

(c) attorneys' fees, litigation expenses and costs of suit; and

(d) such other or further relief as the Court deems proper.

Dated: May 28, 2015

**ADEMI & O'REILLY, LLP**

By: /S/ Mark A. Eldridge
Shpetim Ademi (SBN 1026973)
John D. Blythin (SBN 1046105)
Mark A. Eldridge (SBN 1089944)
3620 East Layton Avenue
Cudahy, WI 53110
(414) 482-8000
(414) 482-8001 (fax)
sademi@ademilaw.com
jblythin@ademilaw.com
meldridge@ademilaw.com

5